| | |
|---|---|
| 1 | DANIEL M. PETROCELLI (S.B. # 97802) |
| | dpetrocelli@omm.com |
| 2 | JAMES M. PEARL (S.B. # 198481) |
| | jpearl@omm.com |
| 3 | CRAIG P. BLOOM (S.B. #314406) |
| | cbloom@omm.com |
| 4 | O'MELVENY & MYERS LLP |
| | 1999 Avenue of the Stars |
| 5 | 8th Floor |
| | Los Angeles, California  90067-6035 |
| 6 | Telephone:  +1 310 553 6700 |
| | Facsimile:  +1 310 246 6779 |
| 7 | |
| 8 | Attorneys for Defendants |
| | The Walt Disney Company, et al. |

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ESPLANADE PRODUCTIONS, INC., a Delaware corporation, | Case No. 2:17-cv-02185-MWF-JC |
| Plaintiff, | **REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT** |
| v. | |
| THE WALT DISNEY COMPANY, a Delaware corporation; DISNEY ENTERPRISES, INC., a Delaware corporation; WALT DISNEY PICTURES, a California corporation; ABC, INC., a New York corporation; BUENA VISTA HOME ENTERTAINMENT, INC., a California corporation; DISNEY CONSUMER PRODUCTS, INC., a California corporation; DISNEY CONSUMER PRODUCTS AND INTERACTIVE MEDIA, INC., a California corporation; DISNEY BOOK GROUP, LLC, a Delaware limited liability company; BUENA VISTA BOOKS, INC., a California corporation; DISNEY INTERACTIVE STUDIOS, INC., a California corporation; DISNEY STORE USA, LLC, a Delaware limited liability company; DISNEY SHOPPING, INC., a Delaware corporation; and DOES 1 through 10, inclusive, | [Notice of Motion to Dismiss, Memorandum of Points and Authorities, Declaration, Proposed Order, and Notice of Lodging filed concurrently]<br><br>Hearing Date:  June 26, 2017<br>Hearing Time:  10:00 a.m.<br>Place:  Courtroom 5A<br>Judge:  Hon. Michael W. Fitzgerald<br><br>Action Filing Date:  March 21, 2017 |
| Defendants. | |

**REQUEST FOR JUDICIAL NOTICE**

Pursuant to Federal Rule of Evidence 201, Defendants The Walt Disney Company, Disney Enterprises, Inc., Walt Disney Pictures, ABC, Inc., Buena Vista Home Entertainment, Inc., Disney Consumer Products, Inc., Disney Consumer Products and Interactive Media, Inc., Disney Book Group, LLC, Buena Vista Books, Inc., Disney Interactive Studios, Inc., Disney Store USA, LLC, and Disney Shopping, Inc., (collectively, "Defendants") respectfully request that the Court take judicial notice of the DVD of the animated motion picture *Zootopia*, a true and correct copy of which is attached and lodged with the Court as Exhibit A to the concurrently filed Declaration of Craig P. Bloom in Support of Defendants' Motion to Dismiss Plaintiff's Complaint.

**DEFENDANTS' REQUEST SHOULD BE GRANTED BECAUSE JUDICIAL NOTICE IS PROPERLY TAKEN OF WORKS WHOSE CONTENTS ARE ALLEGED IN THE COMPLAINT**

Federal Rule of Evidence 201 provides that a court may "judicially notice a fact that is not subject to a reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).  A court must take judicial notice where a party "requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c).

On a motion to dismiss, a court has discretion to consider documents outside the pleadings when the documents are referenced in the complaint. *See, e.g.*, *Zella v. E.W. Scripps Co.*, 529 F. Supp. 2d 1124, 1128 (C.D. Cal. 2007) ("a court may consider documents which are not physically attached to the complaint but whose contents are alleged in the complaint and whose authenticity no party questions.") (internal citation omitted); *Basile v. Twentieth Century Fox Film Corp.*, 2014 WL 12521340, at *1 (C.D. Cal. Aug. 19, 2014) (holding that a document may be "incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim") (internal

1  quotation omitted). Such consideration does not convert a motion to dismiss into a
2  motion for summary judgment. *See id.*
3      Courts routinely take judicial notice of allegedly infringing works when
4  evaluating substantial similarity in copyright cases. *See, e.g.*, *Gallagher v. Lions
5  Gate Entertainment, Inc.*, 2015 WL 12481504, at *2, n.2 (C.D. Cal. Sept. 11, 2015)
6  (taking judicial notice of the motion picture *The Cabin in the Woods*); *Basile*, 2014
7  WL 12521340, at *2 (taking judicial notice of allegedly infringing motion picture
8  *Prometheus*); *DuckHole, Inc. v. NBC Universal Media LLC*, 2013 WL 5797279, at
9  *3-4 (C.D. Cal. Sept. 6, 2013) (taking judicial notice of allegedly infringing
10 episodes); *Thomas v. Walt Disney Co.*, 2008 WL 425647, at *2, n.1 (N.D. Cal. Feb.
11 14, 2008) (taking judicial notice of allegedly infringing motion picture *Finding
12 Nemo*); *Zella*, 529 F. Supp. 2d at 1128 (taking judicial notice of allegedly infringing
13 episodes).
14     Here, judicial notice is warranted because Plaintiff refers extensively to
15 Defendants' motion picture *Zootopia* in its Complaint. (Compl. ¶¶ 53–80). The
16 picture is "not subject to a reasonable dispute . . . [and] can be accurately and
17 readily determined from sources whose accuracy cannot reasonably be questioned."
18 Fed. R. Evid. 201. Accordingly, Defendants respectfully request that the Court take
19 judicial notice of the *Zootopia* DVD.

Dated: May 22, 2017

O'MELVENY & MYERS LLP

By: /s/ Daniel M. Petrocelli
      Daniel M. Petrocelli

Attorneys for Defendants
The Walt Disney Company, et al.