FILED

APR 24 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ESPLANADE PRODUCTIONS, INC., a California corporation,<br><br>  Plaintiff-Appellant,<br><br>v.<br><br>THE WALT DISNEY COMPANY, a Delaware corporation; et al.,<br><br>  Defendants-Appellees. | No. 17-56775<br><br>D.C. No.<br>2:17-cv-02185-MWF-JC<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Michael W. Fitzgerald, District Judge, Presiding

Argued and Submitted April 8, 2019
Pasadena, California

Before: GRABER and BYBEE, Circuit Judges, and ARTERTON,[**] District Judge.

   Plaintiff Esplanade Productions, Inc. timely appeals the district court's dismissal of this action alleging copyright violations by Defendants The Walt Disney Company and related entities concerning the popular movie, Zootopia.

---

   [*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

   [**] The Honorable Janet Bond Arterton, United States District Judge for the District of Connecticut, sitting by designation.

Reviewing de novo, Depot, Inc. v. Caring for Montanans, Inc., 915 F.3d 643, 652 (9th Cir. 2019), we affirm.

To establish copyright infringement, Plaintiff must prove, among other things, unlawful appropriation of protected expression. Rentmeester v. Nike, Inc., 883 F.3d 1111, 1117 (9th Cir. 2018), cert. denied, 2019 WL 1318584 (U.S. Mar. 25, 2019) (No. 18-728). To assess unlawful appropriation, we consider substantial similarity under the extrinsic test. Id. at 1118.

> The extrinsic test assesses the objective similarities of the two works, focusing only on the protectable elements of the plaintiff's expression. Before that comparison can be made, the court must "filter out" the unprotectable elements of the plaintiff's work—primarily ideas and concepts, material in the public domain, and *scènes à faire* (stock or standard features that are commonly associated with the treatment of a given subject). The protectable elements that remain are then compared to corresponding elements of the defendant's work to assess similarities in the objective details of the works.

Id. (citations omitted). Notably, "[o]riginal selection, coordination, and arrangement of unprotectible elements may be protectible expression." L.A. Printex Indus., Inc. v. Aeropostale, Inc., 676 F.3d 841, 849 (9th Cir. 2012).

In determining substantial similarity, we must ask whether Plaintiff has shown that Defendants "appropriated a substantial portion of the plaintiff's work." Id. at 852 (emphasis added). "It is enough that substantial parts were lifted; no plagiarist can excuse the wrong by showing how much of his work he did not

pirate." Id. (brackets omitted) (quoting Sheldon v. Metro-Goldwyn Pictures Corp., 81 F.2d 49, 56 (2d Cir. 1936) (Hand, J.)).

Applying the extrinsic test here, the two works are not substantially similar. Considering all the protectable elements, for example, "plot, themes, dialogue, mood, setting, pace, characters, and sequence of events," Funky Films, Inc. v. Time Warner Entm't Co., 462 F.3d 1072, 1077 (9th Cir. 2006) (internal quotation marks omitted), plus the selection, combination, and arrangement of unprotectable elements, there is little similarity between the works. The titles are identical, but a title is unprotected as a matter of federal law. 37 C.F.R. § 202.1(a); Shaw v. Lindheim, 919 F.2d 1353, 1362 (9th Cir. 1990). And the single common line of dialogue about becoming an elephant is insufficiently significant to constitute protected expression. Olson v. Nat'l Broad. Co., 855 F.2d 1446, 1450 (9th Cir. 1988). Other than those attributes, the works share similarities only at a very high level of generality or in ways common to many works. Defendants may have copied the idea of a zoo utopia, but their expression of that idea bears almost no resemblance to Plaintiff's expression. Plaintiff therefore has not shown unlawful appropriation.

No discovery or expert testimony could show how the works are similar, so the claim is not plausible, and dismissal of the movie copyright claim was

appropriate. See Rentmeester, 883 F.3d at 1123 (affirming dismissal on the pleadings where the two works are before the court "and thus capable of examination and comparison" and where discovery would not "shed light on any issues that actually matter to the outcome" (internal quotation marks omitted)).

For the same reason—lack of substantial similarity under the extrinsic test—the district court correctly dismissed the "merchandise and marketing" copyright claim.

**AFFIRMED.**